# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

---

DAVID STRACHMAN, Administrator of the
Estate of Yaron Ungar, et al.,

    Plaintiffs-Judgment Creditors,

- against -

THE PALESTINIAN AUTHORITY, et al.,

    Defendants-Judgment Debtors.

Case No. 3:05-mc-00208-PCD

---

## STIPULATION AND FINAL ORDER OF DISMISSAL WITH PREJUDICE

Plaintiffs-Judgment Creditors ("Judgment Creditors"); Movants Canaan Equity Offshore C.V., Canaan Equity II Offshore C.V., Canaan Equity III Offshore C.V., Canaan Offshore Management N.V., and Canaan Partners (collectively, the "Canaan Entities"); Movant Palestine Investment Fund ("PIF"); Movant Becont, Ltd. ("Becont"); and Movant Mohammed Mustafa (collectively, the "Parties"), by their undersigned counsel, hereby stipulate and agree as follows:

WHEREAS, the plaintiffs, the Estate of Efrat Ungar, by and through the Administrator of her Estate, David Strachman, Dvir Ungar, a Minor by his guardians and next friends, Professor Meyer Ungar, et al., Yishai Ungar, a Minor by his guardians and next friends, Professor Meyer Ungar, et al., Meyer Ungar, individually and in his capacity as legal guardian of Dvir and Yishai Ungar, Judith Ungar, individually and in her capacity as legal guardian to Dvir and Yishai Ungar, Rabbi Uri Dasberg, individually and in his capacity as legal guardian of Dvir and Yishai Ungar, Judith Dasberg, individually and in her capacity as legal guardian to Dvir and Yishai Ungar, Amichai Ungar, Dafna Ungar, Michal Cohen, the Estate of Yaron Ungar, by and through the Administrator of his Estate, David Strachman, commenced against the defendants, the

Palestinian Liberation Organization, Yasser Arafat, Jibril Rajoub, Muhammed Dahlan, Amin Al-Hindi, Tawfik Tirawi, Razi Jabali, Abdel Rahman Ismail A.R. Ghanimat, Jamal Abdel F. Tzabich Al-Hor, Raed Fakhri Abu Hamdiya, Ibrahim Ghanimat, Iman Mahmud Hassan Fuad Kafishe, the Palestinian Authority, also known as the Palestinian Interim Self-Government Authority, Hamas-Islamic Resistance Movement, also known as Harakat Al-Muqawama Al-Islamiyya, an action in the United States District Court for the District of Rhode Island, captioned *The Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, Docket No. 1:00-cv-000105-L-DLM (the "Rhode Island Action"); and

WHEREAS, on July 13, 2004, a Judgment was entered in the Rhode Island Action (the "Rhode Island Judgment") in favor of Judgment Creditors the Estate of Yaron Ungar, Dvir Ungar, Yishai Ungar, Judith Ungar, Meir Ungar, Michal Cohen, Amichai Ungar and Dafna Ungar, against defendants the Palestinian Authority and the Palestine Liberation Organization (the "Judgment Debtors"); and

WHEREAS, on or about April 19, 2005, the Judgment Creditors served upon the Canaan Entities a copy of a Temporary Restraining Order issued by the United States District Court for the District of Rhode Island in connection with the Rhode Island Judgment (the "Rhode Island TRO"), along with a Notice thereof; and

WHEREAS, on May 5, 2005, the United States District Court for the District of Rhode Island issued an Injunction prohibiting the Judgment Debtors and, inter alia, "any natural or legal persons in privity with them" from "withdrawing, selling, transferring, alienating, assigning, pledging, impairing, offsetting, hypothecating, encumbering, concealing, secreting, trading, removing, or in any way disposing of or effecting a disposition in, directly or indirectly, any and

1135161.1

all assets of the Palestinian Authority and/or The Palestine Liberation Organization however titled" (the "Rhode Island Injunction"); and

WHEREAS, on or about May 6, 2005, the Judgment Creditors served upon the Non-Party Canaan Entities a copy of the Rhode Island Injunction and Notice thereof; and

WHEREAS, the Judgment Creditors registered the Rhode Island Judgment in, among other jurisdictions, the United States District Court for the District of Connecticut (*Strachman, Administrator of the Estate of Yaron Ungar, et al. v. The Palestinian Authority, et al.*, Docket No. 3:05-mc-00208-PCD), the Connecticut Superior Court, Judicial District of Milford (*Estate of Yaron Ungar, et al. v. Palestinian Authority, et al.*, Docket No. AAN-CV-05-4004048-S), and the Connecticut Superior Court, Judicial District of Fairfield at Bridgeport (*Estate of Yaron Ungar, et al. v. Palestinian Authority, et al.*, Docket No. FBT-CV-08-4026217-S); and

WHEREAS, the three proceedings referenced in the immediately preceding paragraph are referred to collectively hereinafter as the "Connecticut Enforcement Proceedings"; and

WHEREAS, on August 2, 2005, the Judgment Creditors filed in the United States District Court for the District of Connecticut an Application for Writ of Execution, and that Court issued a Writ of Execution on August 4, 2005; and

WHEREAS, on August 25, 2005, the Judgment Creditors caused a Connecticut State Marshal to serve the Writ of Execution on the Non-Party Canaan Entities; and

WHEREAS, assets of non-parties Becont and PIF have been held by Non-Party Canaan Entities pursuant to the Rhode Island Injunction and the Notice thereof, as well as Conn. Gen. Stat. § 52-356c(d); and

WHEREAS, on or about September 1, 2005, the Non-Party Canaan Entities filed in the United States District Court for the District of Connecticut a Motion for Determination of Interests and Other Relief, pursuant to Conn. Gen. Stat. § 52-356c; and

WHEREAS, on or about November 20, 2006, Non-Party Becont filed in the United States District Court for the District of Connecticut a Motion to Dismiss, or in the Alternative, for a Bond, and a Motion for a Determination of Interests, pursuant to Conn. Gen. Stat. § 52-356c; and

WHEREAS, on or about July 17, 2007, the Non-Party PIF filed in the United States District Court for the District of Connecticut a Motion for Determination of Interests, pursuant to Conn. Gen. Stat. § 52-356c, and for other relief; and

WHEREAS, Non-Party Mohammed Mustafa filed in the United States District Court for the District of Connecticut a Motion to Intervene, and for other relief; and

WHEREAS, on December 28, 2007, the Judgment Debtors filed in the United States District Court for the District of Rhode Island a Motion to Set Aside Default Judgment, seeking the vacatur of the Rhode Island Judgment; and

WHEREAS, the Judgment Debtors' Motion to Set Aside Default Judgment has not been finally determined; and

WHEREAS, by Order entered May 5, 2008, the United States District Court for the District of Connecticut stayed the proceedings in that Court (the "Connecticut Stay Order"); and

WHEREAS, by Opinion dated June 16, 2009, the United States Court of Appeals for the Second Circuit rejected the Judgment Creditors' arguments seeking to vacate the Connecticut Stay Order; and

1135161.1

WHEREAS, no rulings on the merits of the Judgment Creditors' claims have been issued by the United States District Court for the District of Connecticut; and

WHEREAS, on December 22, 2010, the United States District Court for the District of Rhode Island entered an Order continuing "all matters" in the Rhode Island Action until further Order of the Court; and

WHEREAS, the parties to the Rhode Island Action have reached a settlement of all claims and defenses (the "Rhode Island Settlement"), thereby rendering moot each of the Connecticut Enforcement Proceedings; and

WHEREAS, the Rhode Island TRO was superseded by the Rhode Island Injunction; and

WHEREAS, in connection with the Rhode Island Settlement, the Rhode Island Action has been unconditionally and fully vacated and has been dismissed with prejudice, as settled, and the Rhode Island Injunction has no further force or effect whatsoever. *See* Exhibit 1 (Stipulation and Final Order of Dismissal with Prejudice in Civil Action No. 1:00-cv-00105); and

WHEREAS, the Non-Party Canaan Entities, Non-Party Becont, Non-Party PIF and Non-Party Mohammed Mustafa are referred to collectively hereinafter as the "Non-Party Entities"; and

WHEREAS, the Judgment Creditors and the Non-Party Entities desire to have the entire proceeding dismissed with prejudice immediately.

NOW, THEREFORE, the undersigned stipulate and agree as follows:

1. The above-captioned proceeding pending in this Court is hereby dismissed with prejudice in all respects pursuant to Fed. R. Civ. P. 41(a)(2), and the July 13, 2004 Rhode Island Judgment shall be stricken from the records and the registry of this Court.

1135161.1

2. Each Party to this Stipulation shall bear its own costs and expenses, including attorney's fees, incurred with respect to this action, and with respect to all subpoenas, executions, levies, restraining notices, injunctions, parallel or companion actions, and proceedings relating to the Judgment Creditors' efforts to enforce their judgment against the assets that are the subject of the action.

3. The Judgment Creditors hereby release each of the Non-Party Entities, and their respective affiliates, heirs, executors, administrators, successors and assigns and any and all attorneys for the Non-Party Entities, including both attorneys of record and not of record, from any and all actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extends, executions, claims and demands whatsoever, in law, admiralty or equity, known or unknown, that the Judgment Creditors ever had, now have or hereinafter can, shall or may have against any of the Non-Party Entities or their respective heirs, executors, administrators, successors, assigns or attorneys relating to or arising out of (i) the Rhode Island Action, (ii) the Rhode Island Judgment, (iii) the Rhode Island Injunction, (iv) this proceeding, (v) the Connecticut Enforcement Proceedings, (vi) the assets that are the subject of this proceeding and the Connecticut Enforcement Proceedings and/or (vii) the restraint of the assets that are the subject of any of the Connecticut Enforcement Proceedings and/or (viii) the September 2006 Creditor's Bill Judgment issued in the Rhode Island Action with respect to the ownership, election, appointment or dismissal of directors, officers or counsel of PIF, from the beginning of the world to the day of the date of this Stipulation and Order.

4. The Non-Party Entities and their counsel hereby release each of the Judgment Creditors, and their respective heirs, executors, administrators, successors and assigns and any

6

1135161.1

and all attorneys for the Judgment Creditors, including both attorneys of record and not of record (including their appearance on behalf of PIF), and process server Thomas Foley, from any and all actions, causes of action, suits, debts, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extends, executions, claims and demands whatsoever, in law, admiralty or equity, known or unknown, that the Non-Party Entities and their counsel ever had, now has or hereinafter can, shall or may have against any of the Judgment Creditors or their respective heirs, executors, administrators, successors, assigns or attorneys relating to or arising out of (i) the Rhode Island Action, (ii) the Rhode Island Judgment, (iii) the Rhode Island Injunction, the Rhode Island TRO and the Notices thereof, (iv) this proceeding, (v) the Connecticut Enforcement Proceedings, (vi) the assets that are the subject of this proceeding and the Connecticut Enforcement Proceedings, (vii) the restraint of the assets that are the subject of any of the Connecticut Enforcement Proceedings and/or (viii) any and all actions taken by the Judgment Creditors or their counsel or agents pursuant to the September 2006 Creditor's Bill Judgment issued in the Rhode Island Action with respect to the ownership, election, appointment or dismissal of directors, officers or counsel of the PIF, any actions purportedly taken on behalf of PIF with respect to its representation by counsel, or any other acts purportedly undertaken by the Judgment Creditors or their counsel or agents as owners, management or counsel of PIF, from the beginning of the world to the day of the date of this Stipulation and Order.

5. PIF and Becont hereby waive any claim to or interest in, and release Judgment Creditors from any liability with respect to, any assets of PIF and Becont that Judgment Creditors have represented that they have collected pursuant to the Rhode Island Judgment, including, without limitation, (a) the assets collected in the matter of *Estate of Yaron Ungar v.*

1135161.1

*Delma Properties, Inc. and the Palestine Investment Fund*, No. 111196/05 (N.Y. Sup. Ct. N.Y. County), all of which were owned by PIF; (b) any funds collected in the "Interaudi Bank Proceedings" (*Ungar v. Interaudi Bank*, No. 104704/06 (N.Y. Sup. Ct. N.Y. County) or the "Raymond James Proceedings" (*Estate of Yaron Ungar v. Raymond James Financial Services*, No. 108821/06 (N.Y. Sup. Ct. N.Y. County); and (c) any assets formerly owned by the Becont incorporated in the Isle of Man and subsequently owned by the Becont incorporated in Panama.

6. Any and all actions taken by the Judgment Creditors or their counsel or agents pursuant to the September 2006 Creditor's Bill Judgment issued in the Rhode Island Action with respect to the ownership, election or appointment of directors or officers of the PIF, and any actions purportedly taken on behalf of PIF with respect to its representation by counsel, or any other acts purportedly undertaken by the Judgment Creditors or their counsel or agents as owners or management of PIF -- to the extent, if any, that any such actions or acts had legal force or effect -- are hereby rescinded and declared null and void.

7. Each attorney executing this Stipulation and Order affirmatively represents that he/she has the consent and authority from his/her client to execute same, and agrees to hold every other party to this Stipulation and Order harmless against a claim that he/she executed the document without the authority of his/her client.

8. By entering into this Stipulation, Non-Parties Becont and PIF are not, and shall not be construed to be, admitting and/or conceding: (a) that this Court has jurisdiction over either Becont or PIF for any purpose other than endorsing and effectuating the terms of this Stipulation (b) that this Court has jurisdiction over any assets of Becont or PIF; (c) that Becont or PIF is or was a party to this action; (d) that the Rhode Island Injunction applies to the assets of Becont or PIF; (e) that Becont is in any manner or form related to, affiliated or in privity with the

1135161.1

Judgment Debtors or (f) any other fact or legal position not expressly stated in this Stipulation.

9. By entering into this Stipulation, the Judgment Creditors, Becont and PIF have not, and shall not be construed to be, admitting and/or conceding: (a) that Becont or PIF is or is not legally distinct or distinguishable from the Judgment-Debtors in this action, (b) that Becont or PIF is or is not the actual owner of the investment interests at issue in the venture capital funds of certain of the Non-Party Canaan Entities or (c) that Becont or PIF is or is not subject to the jurisdiction of this Court.

10. By entering into this stipulation, the Judgment Creditors and Non-Party Entities have not, and shall not, be construed to be admitting and/or conceding any other fact or legal position not expressly stated in this Stipulation.

11. This Stipulation may be executed in counterparts.

1135161.1

| STIPULATED AND AGREED FOR PLAINTIFFS-JUDGMENT CREDITORS: | STIPULATED AND AGREED FOR MOVANTS THE CANAAN ENTITIES: |
|---|---|
| *[signature]* <br> David J. Strachman, Esq. <br> McIntyre, Tate, & Lynch LLP <br> 321 South Main Street, Suite 400 <br> Providence, Rhode Island 02903 <br> (401) 351-7700 (telephone) <br> (401) 331-6095 (fax) <br> Email: djs@mtlesq.com <br><br> -and- <br><br> *[signature]* <br> Stephen F. Wright <br> Harlow, Adams & Friedman, P.C. <br> 300 Bic Drive, Suite 5 <br> Milford, CT 06460-3058 <br> Tel: 203-878-0661 <br> Email: spw@quidproquo.com <br><br> *Counsel for Plaintiffs-Judgment Creditors* | Robert F. Maslan, Jr. <br> Maslan Associates P.C. <br> 3 Parklands Drive, Suite 207 <br> Darien, CT 06820 <br> Tel: 203-656-3800 <br> Email: rmaslan@maslanlaw.com <br><br> -and- <br><br> Robert A. Alessi, Esq. <br> Mary McCann, Esq. <br> Cahill Gordon & Reindel LLP <br> Eighty Pine Street <br> New York, New York 10005-1702 <br> (212) 701-3000 (telephone) <br> Fax: (212)-269-5420 (fax) <br> EMail: ralessi@cahill.com <br>          mmccann@cahill.com <br><br> *Counsel for the Canaan Entities* |

| STIPULATED AND AGREED FOR PLAINTIFFS-JUDGMENT CREDITORS: | STIPULATED AND AGREED FOR MOVANTS THE CANAAN ENTITIES: |
|---|---|
| _____<br>David J. Strachman, Esq.<br>McIntyre, Tate, & Lynch LLP<br>321 South Main Street, Suite 400<br>Providence, Rhode Island 02903<br>(401) 351-7700 (telephone)<br>(401) 331-6095 (fax)<br>Email: djs@mtlesq.com<br><br>-and-<br><br><br>_____<br>Stephen P. Wright<br>Harlow, Adams & Friedman, P.C.<br>300 Bic Drive, Suite 5<br>Milford, CT 06460-3058<br>Tel: 203-878-0661<br>Email: spw@quidproquo.com<br><br>*Counsel for Plaintiffs-Judgment Creditors* | *R. F. Maslan*<br>_____<br>Robert F. Maslan, Jr.<br>Maslan Associates P.C.<br>3 Parklands Drive, Suite 207<br>Darien, CT 06820<br>Tel: 203-656-3800<br>Email: rmaslan@maslanlaw.com<br><br>-and-<br><br>Robert A. Alessi, Esq.<br>Mary McCann, Esq.<br>Cahill Gordon & Reindel LLP<br>Eighty Pine Street<br>New York, New York 10005-1702<br>(212) 701-3000 (telephone)<br>Fax: (212)-269-5420 (fax)<br>EMail: ralessi@cahill.com<br>         mmccann@cahill.com<br><br>*Counsel for the Canaan Entities* |

1135161.1

| STIPULATED AND AGREED FOR MOVANT BECONT, LTD., individually and for any predecessor or predecessor-in-interest of Movant Becont, Ltd.: | STIPULATED AND AGREED FOR MOVANT THE PALESTINE INVESTMENT FUND AND MOHAMMED MUSTAFA |
|---|---|
| /s/ Anthony R. Minchella<br>Anthony R. Minchella (CT 18890)<br>Minchella & Associates, L.L.P.<br>530 Middlebury Road, Suite 209B<br>Middlebury, Connecticut 06762<br>(203) 758-1069 (telephone)<br>(203)-758-2074 (fax)<br>Email: aminchella@minchellalaw.com<br><br>*Counsel for Becont, Ltd.* | Lawrence S. Hirsh<br>Dewey & LeBoeuf LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>212-259-8141 (telephone)<br>212-649-9361 (fax)<br>Email: lhirsh@dl.com<br><br>*Counsel for the Palestine Investment Fund and Mohammed Mustafa* |

SO ORDERED this __17th__ day of __February__, 2011.

The Clerk of Court is hereby directed (a), if the judgment is registered or recorded in the records of this Court other than as part of the docket of the above-captioned action or *The Estate of Yaron Ungar, et al., v. The Palestinian Authority, et al.*, C.A. No. 1:00-cv-00105-L-DLM (D.R.I.), to remove the judgment against the Defendants in Civil Action No. 1:00-cv-00105 from the records and registry of this Court and (b) to mark this action as dismissed with prejudice, as settled, each party to bear its own fees, costs and expenses.

THIS IS A FINAL ORDER.

/s/ Peter C. F. [illegible]
United States District Judge

Copies to All Counsel of Record

1135161.1

| STIPULATED AND AGREED FOR MOVANT BECONT, LTD., individually and for any predecessor or predecessor-in-interest of Movant Becont, Ltd.: | STIPULATED AND AGREED FOR MOVANT THE PALESTINE INVESTMENT FUND AND MOHAMMED MUSTAFA |
|---|---|
| Anthony R. Minchella (CT 18890)<br>Minchella & Associates, L.L.P.<br>530 Middlebury Road, Suite 209B<br>Middlebury, Connecticut 06762<br>(203) 758-1069 (telephone)<br>(203)-758-2074 (fax)<br>Email: aminchella@minchellalaw.com<br><br>*Counsel for Becont, Ltd.* | Lawrence S. Hirsh<br>Dewey & LeBoeuf LLP<br>1301 Avenue of the Americas<br>New York, NY 10019<br>212-259-8141 (telephone)<br>212-649-9361 (fax)<br>Email: lhirsh@dl.com<br><br>*Counsel for the Palestine Investment Fund and Mohammed Mustafa* |

SO ORDERED this 17th day of February, 2011.

The Clerk of Court is hereby directed (a), if the judgment is registered or recorded in the records of this Court other than as part of the docket of the above-captioned action or *The Estate of Yaron Ungar, et al., v. The Palestinian Authority, et al.*, C.A. No. 1:00-cv-00105-L-DLM (D.R.I.), to remove the judgment against the Defendants in Civil Action No. 1:00-cv-00105 from the records and registry of this Court and (b) to mark this action as dismissed with prejudice, as settled, each party to bear its own fees, costs and expenses.

THIS IS A FINAL ORDER.

/s/ Peter C. D[illegible]
United States District Judge

Copies to All Counsel of Record